UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

　　　　Plaintiff,

　　v.

JAMEEL COLLINS,

　　　　Defendant.

Case No. 16-cr-00244-SI

**FINAL PRETRIAL SCHEDULING ORDER**

On May 14, 2018, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning May 29, 2018. All parties were represented by counsel. The following matters were resolved:

**1.    Trial schedule:** The parties expect that the case will take approximately 3 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Fridays). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

**2.    Number of jurors and challenges:** There will be a jury of twelve members, plus 1 alternate juror. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternate.

**3.    Voir dire:** The Court will conduct general voir dire, including various of the

questions requested by counsel in their proposed additional voir dire filings.  Counsel for each side shall have up to 15 minutes total to question the panel.  The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; this statement shall be provided to the Court **by Friday, May 25, 2018.**

**4.    Jury instructions:** The Court received proposed jury instructions from the government.  The parties are directed to meet and confer to resolve any disputes as to the requested instructions, and to provide the Court **by Friday, May 25, 2018** with any agreed-upon revisions to the standard Ninth Circuit instructions.

**5.    Trial exhibits:** No later than Tuesday, May 29, 2018, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit.  The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses) and the defendant with one set.

**6.    Motions in limine:** The parties filed 13 motions in limine.  Dkt. Nos. 117, 119. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

**Government's Motion No.1 (to admit the expert testimony of DEA special agent Hilda "Heidi" Rubino):** GRANTED as to testimony: (1) regarding amount for individual personal dosage or use; (2) concerning the price (street value) of each of the drugs in Northern California as of early 2016; and (8) that coffee grinders are commonly used to mix drugs with adulterants or cutting agents and are commonly used to assist or enable drug use. DENIED as to the other topics identified for SA Rubino.

**Government's Motion No. 2 (to admit the expert testimony of DEA forensic chemist Daniel Munoz):** GRANTED.

**Government's Motion No. 3 (to admit the expert testimony of ATF special agent**

**Kristen Larson):** GRANTED.

**Government's Motion No. 4 (to admit the expert testimony of criminalist Rebecca Berlin):** GRANTED.

**Government's Motion No. 5 (to admit evidence that defendant previously concealed contraband in vehicles pursuant to FRE 401 and 404(b)):** DENIED as to defendant's 2011 arrest and subsequent conviction; GRANTED IN PART as to defendant's 2015 arrest. The Government may present evidence that earlier in 2015 the defendant was found in the same vehicle as was used in the instant arrest. The Court takes the motion in limine regarding defendant's 2010 arrest and subsequent conviction UNDER SUBMISSION.

**Government's Motion No. 6 (to prohibit defendant from referring to punishment in front of the jury):** GRANTED.

**Government's Motion No. 7 (to prohibit defendant from referring in opening statement facts that it does not reasonably anticipate will be supported by evidence at trial):** DENY without prejudice to specific objections at time of trial.

**Government's Motion No. 8 (to prohibit defendant from introducing evidence that should have been produced in discovery):** DENY without prejudice to specific objections at the time of trial.

**Defendant's Motion No. 1 (to exclude evidence of Mr. Collins' 2010 arrest and subsequent conviction for possession of a controlled substance with intent to distribute):** The Court hereby takes this motion in limine UNDER SUBMISSION.

**Defendant's Motion No. 2 (to exclude evidence of Mr. Collins' 2011 arrest and subsequent conviction for felon in possession of a firearm and child endangerment):** GRANTED.

**Defendant's Motion No. 3 (to exclude evidence of Mr. Collins' 2015 arrest for possession of a controlled substance with intent to distribute):** GRANTED IN PART. The parties may introduce evidence that earlier in 2015 the defendant was found in the same vehicle as was used in the instant arrest.

**Defendant's Motion No. 4 (exclude evidence concerning the presence of Mr. Collins'

1 **child during his arrest on the charges in the instant case):** DENIED.

**Defendant's Motion No. 5 re testimony of SA Rubino**: See response to Government's motion no. 1.

**7.     Other matters:**     The parties are preparing a stipulation concerning defendant's status as a convicted felon, so as to obviate the need for proof of same at trial.  The government provided notice that it will be filing an information concerning prior convictions, pursuant to 21 U.S.C. Section 851.

IT IS SO ORDERED.

Dated: May 14, 2018

SUSAN ILLSTON
United States District Judge