UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>JAMEEL COLLINS,<br>  Defendant. | Case No. 16-cr-00244-SI<br><br>**JURY INSTRUCTIONS** |

NOTE TO COUNSEL: These instructions include a definition of "in furtherance of" at page 11, Instruction No. 17. The Court is considering whether to include an instruction on lost or destroyed evidence, and will request further argument from Counsel tomorrow.

JURY INSTRUCTION No. 1

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

JURY INSTRUCTION No. 2

CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

JURY INSTRUCTION No. 3

DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

JURY INSTRUCTION No. 4

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

JURY INSTRUCTION No. 5

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

JURY INSTRUCTION No. 6

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

JURY INSTRUCTION No. 7

STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

JURY INSTRUCTION No. 8

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from Forensic Chemist Daniel Munoz of the Drug Enforcement Administration, Special Agent Kristen Larsen of the Bureau of Alcohol, Tobacco & Firearms, Criminalist Rebecca Berlin of the San Mateo County Sheriff's Office Forensic Lab, and Special Agent Hilda "Heidi" Rubino of the Drug Enforcement Agency, who testified to opinions and reasons for these opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION No. 9

COUNT ONE:

POSSESSION WITH INTENT TO DISTRIBUTE HEROIN (21 U.S.C. § 841(a)(1))

The defendant is charged in Count One of the indictment with possession with intent to distribute heroin. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed heroin; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of heroin. It need only prove that there as a measureable or detectable amount of heroin.

It does not matter whether the defendant knew that the substance was heroin. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of heroin to another person, with or without any financial interest in the transaction.

JURY INSTRUCTION No. 10

COUNT TWO:

POSSESSION WITH INTENT TO DISTRIBUTE COCAINE (21 U.S.C. § 841(a)(1))

The defendant is charged in Count Two of the indictment with possession with intent to distribute cocaine. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of cocaine. It need only prove that there as a measureable or detectable amount of cocaine.

It does not matter whether the defendant knew that the substance was cocaine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of cocaine to another person, with or without any financial interest in the transaction.

JURY INSTRUCTION No. 11

COUNT THREE:

POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE

(21 U.S.C. § 841(a)(1))

The defendant is charged in Count Three of the indictment with possession with intent to distribute methamphetamine. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

JURY INSTRUCTION No. 12

DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (METHAMPHETAMINE)

If you find the defendant guilty of the charge in Count Three, you must then determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine equaled or exceeded 5 grams or more of pure methamphetamine. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of methamphetamine.

JURY INSTRUCTION No. 13

COUNT FOUR:

POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA (21 U.S.C. § 841(a)(1))

The defendant is charged in Count Four of the indictment with possession with intent to distribute marijuana. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed marijuana; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of marijuana. It need only prove that there was a measureable or detectable amount of marijuana.

It does not matter whether the defendant knew that the substance was marijuana. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of marijuana to another person, with or without any financial interest in the transaction.

JURY INSTRUCTION No. 14

KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his actions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with the other evidence, in deciding whether the defendant acted knowingly.

JURY INSTRUCTION No. 15

POSSESSION—DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

JURY INSTRUCTION No. 16

COUNT FIVE: FIREARMS – UNLAWFUL POSSESSION (18 U.S.C. § 922(g)(1))

The defendant is charged in Count Five of the indictment with the possession of a firearm and ammunition in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a Glock Model 43 firearm or one (1) or more rounds of Winchester, Fiocchi, or Remington-Peters ammunition;

Second, the Glock Model 43 firearm or one (1) or more rounds of Winchester, Fiocchi, or Remington-Peters ammunition that he possessed had been transported from one state to another or between a foreign nation and the United States; and

Third, at the time the defendant possessed the Glock Model 43 firearm or one (1) or more rounds of Winchester, Fiocchi, or Remington-Peters ammunition, the defendant had been convicted of a crime punishable by more than one year in prison.

JURY INSTRUCTION No. 17

COUNT SIX:

FIREARMS – CARRYING IN COMMISION OF OR POSSESSION IN FURTHERANCE OF DRUG TRAFFICKING CRIME (18 U.S.C. . § 924(c))

The defendant is charged in Count Six of the indictment with carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of Section 924(c) of Title 18 of the United States Code. I instruct you that each of the crimes charged in Counts One through Four of the indictment is a drug trafficking crime.

In order for the defendant to be found guilty of the charge in Count Six, the government must prove either of the following two sets of elements beyond a reasonable doubt:

(1)

First, the defendant committed a drug trafficking crime; and

Second, the defendant knowingly carried a Glock 43 during and in relation to that drug trafficking crime.

OR

(2)

First, the defendant committed a drug trafficking crime;

Second, the defendant knowingly possessed the Glock 43; and

Third, the defendant possessed the firearm in furtherance of that drug trafficking crime.

A defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed or transported it in some manner on his person or in a vehicle.

A defendant carried a firearm "during and in relation to" the crime if the firearm facilitated or played a role in the crime.

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

Possession is "in furtherance of a drug trafficking crime" only if the firearm was possessed

to advance or promote the commission of the underling drug trafficking offense.

JURY INSTRUCTION No. 18

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

JURY INSTRUCTION No. 19

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your

deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please the Court immediately.

JURY INSTRUCTION No. 20

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

JURY INSTRUCTION No. 21

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

JURY INSTRUCTION No. 22

VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

JURY INSTRUCTION No. 23

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.