UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>            Plaintiff,<br><br>    v.<br><br>COLLINS,<br><br>            Defendant. | Case No. 16-cr-00244-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 211 |

On December 8, 2020, defendant Jameel Collins filed a motion for compassionate release. Dkt. No. 211. For the reasons set forth below, the Court DENIES the motion without prejudice in the event defendant's health significantly deteriorates.

**BACKGROUND**

On May 31, 2018, a jury found defendant Jameel Collins guilty of one count of possession with intent to distribute heroin, one count of possession with intent to distribute cocaine, one count of intent to distribute methamphetamine, one count of intent to distribute marijuana, and one count of possession of a firearm by a felon. Dkt. 147. On April 24, 2019, the Court sentenced defendant to a total of 100 months imprisonment and recommended that defendant participate in the Residential Drug Abuse Treatment Program ("RDAP") and vocational training while in the custody of the Bureau of Prisons ("BOP"). Dkt. No. 184. Defendant is currently incarcerated at FCI Phoenix and has a projected release date of June 25, 2023. Dkt. No. 211 at 2. Defendant has served approximately 55% of his sentence. Dkt. No. 218 at 17.

On December 8, 2020, defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 211. The government opposes defendant's motion and defendant

has filed a reply. Dkt. No. 218; 223.

## LEGAL STANDARD

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Defendant argues that his confinement in FCI Phoenix, race, and obesity are "extraordinary and compelling reasons" for compassionate release.[1] Dkt. No. 211 at 5-9. Defendant asserts that

---

[1] The parties disagree about whether U.S. Sentencing Guidelines Manual § 1B1.13 applies to compassionate release motions brought by defendants. The policy statement sets forth circumstances that constitute "extraordinary and compelling reasons," and also provides that BOP may determine whether there are "other reasons" that are "extraordinary and compelling" that warrant compassionate release. U.S.S.G. § 1B1.13 at Application Notes. Defendant asserts that the First Step Act empowered district courts to independently determine whether reasons are "extraordinary and compelling," while the government argues that district courts are bound by policy statements issued by the Sentencing Commission. Dkt. No. 211 at 3-4 (Def. Motion); 218 at 4-6 (Gov. Opposition). District courts within the Ninth Circuit have split on this issue, and the Ninth Circuit has not yet addressed the question. Three circuit courts have ruled on the issue, and all three have held that the policy statement is not applicable to compassionate release motions brought by defendants. *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Jones*, 2020 WL 6817488, __ F.3d __ (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 2020 WL 6813995, __ F.3d __ (7th Cir. Nov. 20, 2020).

confinement in FCI Phoenix increases his risk of contracting COVID-19. *Id*. at 5-6. Moreover, defendant argues that his race as a black American man and obesity increase the risk of defendant suffering from serious illness if he were to contract COVID-19. *Id*. at 6-9. Defendant argues that his behavior in FCI Phoenix—obtaining a certification for Hands-on Cable and Harness Assembly and participated in training programs such as Money Smarts and Credit 101—show that he is not a danger to society. *Id*. at 9-10. Defendant asserts that he is committed to supporting his family and has that he has a viable release plan, which includes living with his grandmother. Dkt. No. 217 at 2; 223 at 10-11.

The government opposes defendant's motion and argues that defendant has failed show "extraordinary and compelling reasons" that warrant compassionate release. Dkt. No. 218. The government acknowledges that defendant qualifies as obese under CDC guidelines.[2] *Id*. at 11. However, the government argues that defendant's weight does not increase defendant's risk of serious illness related to COVID-19 because defendant is only slightly above the CDC's threshold for obesity. *Id*. The government argues that defendant's prior infection with COVID-19 did not result in severe illness or hospitalization. *Id*. at 10-11. Moreover, the government asserts that the BOP has taken measures to protect inmates' health and has provided defendant with adequate medical care. *Id*. at 11. Finally, the government argues that, if released, defendant would be a danger to society because of defendant's history of illegally possessing firearms and committing violent offenses, including battery and second-degree robbery. *Id*. at 15. *See also* Dkt. No. 180 7-14.

The Court has carefully reviewed the parties' papers and concludes that compassionate release is not warranted. The Court is concerned about the spread of COVID-19 in the federal prison system, especially at FCI Phoenix. The Court also recognizes that defendant's obesity and race may

---

Because the Court is denying defendant's motion based upon the factors set forth in 18 U.S.C. § 3553(a), the Court need not resolve this dispute about what constitutes "extraordinary and compelling reasons" at this time.

[2] The CDC uses an individual's Body Mass Index ("BMI") to determine whether the individual qualifies as obese and sets a BMI of 30 as the threshold for obesity. Dkt. No. 218 at 10-11. Defendant's medical records indicate that defendant's current BMI is 30.8. *Id.* at 11.

1 place defendant at increased risk of either contracting COVID-19 or developing health
2 complications related to COVID-19. The Court commends defendant for his participation in BOP's
3 training programs. However, the Court finds that defendant's current status of having served just
4 over half of the 100 month sentence imposed does not satisfy "the need for the sentence imposed . .
5 . to reflect the seriousness of the offense, to promote respect for the law, and to provide just
6 punishment for the crime," nor would it "afford adequate deterrence to criminal conduct." 18 U.S.C.
7 § 3553(a)(2)(A)-(C). Moreover, based on the record before the Court, the Court finds that defendant
8 has not shown that he would not be a danger if he were released. The Court is concerned that the
9 defendant has not been able to participate in the RDAP program in prison (due to COVID-19) and
10 hopes very much that he will be able to do so soon. Accordingly, the Court **DENIES** defendant's
11 Motion for Compassionate Release, without prejudice in the event defendant's health significantly
12 deteriorates.

**IT IS SO ORDERED**.

Dated: January 14, 2021

_____
SUSAN ILLSTON
United States District Judge