UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>              Plaintiff,<br><br>    v.<br><br>COLLINS,<br><br>             Defendant. | Case No. 16-cr-00244-SI-1<br><br>**ORDER DENYING MOTION TO VACATE CONVICTION**<br><br>Re: Dkt. No. 229 |

Before the Court is defendant Jameel Collins's 28 U.S.C. § 2255 motion to vacate his conviction based on ineffective assistance of counsel. Dkt. No. 229. The government opposes. Dkt. No. 232. For the reasons set forth below, the Court **DENIES** the motion.

## BACKGROUND

**A.   Arrest and Searches**

On February 25, 2016, four Menlo Park police officers pulled over Jameel Collins in an area known for drug activity. Dkt. No. 86-1 at JC-000067. Officers articulated two reasons for making the stop: the passenger window had a dark tint, in violation of California Vehicle Code § 26708.5(a), and the registration tags on the rear license plate were expired, in violation of California Vehicle Code § 4000(a)(1). Dkt. No. 88 ¶¶ 8, 10. When the passenger window was rolled down, the officers observed Collins's five-year-old son in the front passenger seat. *Id.* ¶ 15. In the ashtray next to the child was a digital scale and "a significant quantity of marijuana . . . in plain view in a clear plastic bag near the front center console . . . . The marijuana was within arms-reach of the child." *Id.* ¶¶ 16–17. The marijuana was later weighed and determined to weigh 23.94 grams. *Id.* ¶ 18.

Body camera footage shows the officers removed Collins from the car, handcuffed him, and

arrested him. Dkt. No. 93 at 1:28; *see also* Dkt. No. 88 ¶ 20. One officer searched Collins's person and found $805.00 in cash, much of which was "neatly folded and bound in a rubber band, in $100.00 increments," while the rest was stuffed into various pockets. Dkt. No. 89 ¶ 21. Another officer "conducted a preliminary search of the driver's-side area of the vehicle" and found "a coffee grinder, a plate, a straw, and a playing card on the floorboard of the driver's side and central area of the car." *Id.* ¶¶ 22–23. He smelled the coffee grinder and believed it smelled of heroin; he also observed what appeared to be heroin residue on the plate, straw, and playing card. *Id.*

One of the officers remembered arresting Collins on an earlier occasion and finding narcotics in a hidden compartment in the gear shift. Dkt. No. 88 ¶¶ 22–24. He conducted "a more thorough search" of the car and located a hidden compartment in an air vent near the steering wheel. *Id.* ¶ 26. The compartment contained cocaine, heroin, methamphetamine, pills, a .9mm handgun, and two .99mm magazines loaded with thirteen rounds of ammunition. *Id.*; Dkt. No. 86-1 at JC-000069. Several times during the stop and arrest, Collins told officers he had a cannabis card. *See* Dkt. No. 93, Ex. 9 at 00:25, 00:33, 1:03, 2:14, 3:47.

Following the arrest, Collins was taken to the police station, read his *Miranda* rights, and interrogated. Dkt. No. 93, Ex. 6 at 1:24.

At the time of the arrest and searches, California law permitted an individual to possess and cultivate marijuana for medical purposes upon the "recommendation or approval of a physician." Cal. Health & Safety Code § 11362.5(d). California law provided for the issuance of medical marijuana identification cards for people permitted to possess marijuana. Cal. Health & Safety Code § 11362.71 (2003). Possession of marijuana for sale remained a felony under California law. Cal. Health & Safety Code § 11359 (2011).

### B. Procedural History

On June 9, 2016, a grand jury returned a six count indictment based on the events of February 25. Dkt. No. 1. The indictment charged Collins with four counts of possession with intent to distribute controlled substances (heroin, methamphetamine, marijuana, and cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) or (b)(1)(D); being a felon in possession of a firearm, in

1  violation of 18 U.S.C. § 922(g)(1); and using, carrying, or possessing a firearm in connection with
2  a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  *Id.*  In February 2018, a grand jury
3  returned a superseding indictment, which amended the methamphetamine count to include an
4  allegation of drug quantity.  Dkt. No. 109.

5  On November 17, 2017, Collins moved to suppress all evidence seized during the searches
6  of his vehicle and his person, including the statements that arose from those searches and seizures,
7  on Fourth Amendment grounds.  Dkt. No. 86.  Collins argued, *inter alia*, that the amount of
8  marijuana in plain view when the officers stopped the vehicle was a "small bag of marijuana,
9  consistent with personal use for a Californian with a medical marijuana card" and "less than 1/8th
10 of the amount that a California cannabis card holder could lawfully possess for personal use at the
11 time of the stop."  Dkt. No. 94 at 2–3 (emphasis omitted).  He argued that because possession of
12 this amount of marijuana was legal for someone with a cannabis card, it did not create probable
13 cause for a search, even when combined with a digital scale.  *Id.* at 5.

14 This Court denied the motion to suppress, finding that the automobile exception applied and
15 was not limited "to situations where the defendant possesses 'a *criminal* amount of contraband.'"
16 Dkt. No. 98 at 9 (quoting *People v. Waxler*, 224 Cal. App. 4th 712, 723 (2014)).

17 A three-day jury trial was held in May 2018.  Dkt. Nos. 200–202.  Collins was found guilty
18 of every count except carrying a firearm during an in relation to, or possessing a firearm in
19 furtherance of, a drug crime.  Dkt. No. 147.  On April 24, 2019, Collins was sentenced to a term of
20 100 months in prison followed by four years of supervised release.  Dkt. No. 184.

21 Collins appealed.  Dkt. No. 185.  On appeal, he argued, *inter alia*, that the motion to suppress
22 should have been granted because the possession of a small quantity of marijuana, in a state where
23 medical marijuana was permitted, did not create probable cause for a search.  *United States v. Jameel*
24 *Collins*, 19-10154 (9th Cir.), Dkt. 14, Appellant's Op. Br. at 20–22.  Collins laid out the evolution
25 of California law on marijuana "from (1) total illegality to (2) permitted medical use to (3)
26 decriminalization to (4) recreational legalization."  *Id.* at 23 (quoting *People v. Lee*, 40 Cal. App.
27 5th 853, 863 (2019)).  Collins argued that in light of this evolution, by the time Collins was stopped
28 the possession of less than an ounce of marijuana, where Collins had a cannabis card, did not justify

United States District Court
Northern District of California

1    a warrantless search. *Id.* at 20–44.

2        The Ninth Circuit affirmed this Court's decision. *United States v. Jameel Collins*, 19-10154
3    (9th Cir.), Dkt. 63, Memo. Disp. at 3.  It noted that "[d]uring the traffic stop . . . in an area with a
4    considerable amount of drug trafficking, the officers observed in plain view a significant quantity
5    of marijuana . . . and a digital scale in the front center console of the vehicle," and found that these
6    facts were sufficient to create probable cause to believe Collins possessed the marijuana for sale.
7    *Id.* at 2–3.  Collins petitioned for rehearing en banc, which was denied. *United States v. Jameel*
8    *Collins*, 19-10154 (9th Cir.), Dkt. Nos. 67, 68.

9        Collins moved for this Court to appoint him counsel to assist in petitioning for a writ of
10   certiorari with the United States Supreme Court. Dkt. No. 226. His counsel filed a status update
11   indicating counsel's belief that "filing a petition for certiorari was likely frivolous" and "that there
12   was no reasonable possibility the Supreme Court would grant review." Dkt. No. 227 at 2. This
13   Court denied the motion to appoint counsel. Dkt. No. 228.

14       Collins now moves to vacate his conviction under 28 U.S.C. § 2255 on the basis of
15   ineffective assistance of counsel. Dkt. No. 229. Collins filed the motion *pro se*. On May 6, 2022,
16   counsel was appointed for Collins. Collins chose to write his own reply brief, but supplemental
17   material was submitted by his appointed attorney, Dena Marie Young. *Id.*; Dkt. No. 244. Collins
18   argues that he received ineffective assistance of counsel at both the trial and appellate stages and
19   argues that his due process rights were violated when state police searched him based on possession
20   of under an ounce of marijuana. Dkt. No. 229 at 4, 12.

**LEGAL STANDARD**

23       The Sixth Amendment guarantees criminal defendants the right to the effective assistance
24   of counsel. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The right to effective assistance of counsel
25   is violated when (1) counsel's performance was deficient, and (2) that deficient performance
26   prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

27       To show counsel was deficient, a defendant must establish that counsel's errors were "so
28   serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

1  Amendment." *Id.* at 687.  Counsel is ineffective where its representation falls "below an objective

2  standard of reasonableness." *Id.* at 688.

3        To show prejudice, a defendant must show "a reasonable probability that, but for counsel's

4  unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## DISCUSSION

### A. Ineffective Assistance of Counsel

      Collins argues that his commencement, trial, and appellate counsel failed to successfully argue for suppression of the evidence obtained as a result of the February 25, 2016 searches. *Id.* at 5.  He argues that counsel would have "produce[d] a dead-bang winner in favor of the defendant" if it had effectively explained Collins's argument that the searches were illegal because the marijuana available in plain view was legal for Collins to possess under state law and Collins was arrested by state law enforcement officers. Dkt. No. 229 at 5.  He argues his lawyers failed to incorporate into their arguments the "Silver Platter Doctrine" articulated in *Elkins v. United States*, 364 U.S. 206 (1960); the fruits of the poisonous tree doctrine; and the Full Faith and Credit Act, 28 U.S.C. § 1738.  *Id.*

      To establish ineffective assistance of counsel, a defendant must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 688 (1984).

      Collins argues that his counsel at all stages failed to effectively argue that the searches were illegal because California state law did not prohibit him from possessing the amount of marijuana found in plain view in 2016, and the officers who arrested him were state law enforcement officers.  Dkt. No. 229 at 5.  But his counsel made that argument in great detail, both at the motion to suppress stage and at on appeal before the Ninth Circuit.  Dkt. No. 94 at 1–7; *United States v. Jameel Collins*, 19-10154 (9th Cir.), Dkt. 14, Appellant's Op. Br. at 20–44.

      Collins's reply brief supporting his motion to suppress dedicates several pages to the argument that the small amount of marijuana found in plain view was not sufficient to create probable cause in light of Collins's medical marijuana card.  Dkt. No. 94 at 1–7.  The brief explains

5

that when the stop occurred, "the State of California considered less than an ounce of marijuana to be lawful personal medicinal use, not consistent with drug trafficking." *Id.* at 3. It argues that the bag in plain view was "a *small* bag of marijuana, consistent with personal use for a Californian with a medical marijuana card" and notes that "Collins repeatedly protest[ed] . . . that he had a valid medical marijuana card" during the stop. *Id.* at 2. The brief concludes that "[b]ecause the marijuana in plain view was actually less than 1/8th of the amount a California cannabis card holder could lawfully possess for personal use at the time of the stop, the officers' reliance on 'quantity' as probable cause for a felony 'drug trafficking' offense was not reasonable." *Id.* at 3. The Court heard and considered the argument but disagreed, noting:

> [T]he California Court of Appeal has explained that neither the California Supreme Court nor the United States Supreme Court has limited the automobile exception to situations where the defendant possesses a criminal amount of contraband.

Dkt. No. 98 at 9 (quoting *People v. Waxler*, 224 Cal. App. 4th 712, 723 (2014)). That counsel made the argument but was unable to persuade the court does not mean counsel was deficient.

Collins's appellate counsel argued the issue in even greater detail. *United States v. Jameel Collins*, 19-10154 (9th Cir.), Dkt. 14, Appellant's Op. Br. at 20–44. Counsel pointed out that Collins "told the officers repeatedly he had a medical marijuana card in his wallet." *Id.* at 22. Counsel explained the evolution of California law and argued that "a medical marijuana patient in possession of a medical marijuana card and a lawful amount of marijuana, as provided by extant law, is not in possession of contraband." *Id.* at 29. Counsel argued that this Court "erred in not considering the evolution of California's laws on marijuana possession," specifically laws concerning "possession or transport of a modest amount of marijuana." *Id.* Counsel argued that cases this Court relied on did not reflect the changes in California law. *Id.* at 38–39. That counsel's clear and detailed argument failed to convince the Ninth Circuit does not mean counsel was deficient.

Collins raises several doctrines he claims counsel failed to point out to the court, but each of these doctrines was either already raised by counsel or irrelevant to the issues at hand. *See* Dkt. No. 229 at 5. The Fruit of the Poisonous Tree doctrine requires that evidence that was obtained by law enforcement as the result of an illegal search be suppressed. *Nardone v. United States*, 308 U.S. 338, 341 (1939). While commencement counsel did not spell out the Fruit of the Poisonous Tree

6

doctrine to the Court, counsel *did* raise this well-known doctrine multiple times. For example, counsel argued that "this Court must suppress all fruits of these unlawful warrantless searches." Dkt. No. 94 at 1. The Court also acknowledged the doctrine, summarizing the defendant's argument that "the fruits of th[e] searches must be suppressed." Dkt. No. 98 at 5. But the doctrine only applies to the evidence obtained as a result of an unlawful search, and both this Court and the Ninth Circuit determined that the searches were lawful. *See id.* at 12; *United States v. Jameel Collins*, 19-10154 (9th Cir.), Dkt. 63 at 3–4.

The Silver Platter Doctrine is a long-rejected doctrine which, if still in use, would operate against Collins. *Elkins v. U.S.*, 364 U.S. 206, 208 (1960). The doctrine held that the fruits of an unreasonable search and seizure by state officers, if conducted without the federal officers, were admissible in a federal criminal trial. *See id.* The doctrine was rejected in *Elkins v. U.S.*, where the Supreme Court held that evidence is inadmissible if it was obtained by state officers during a search which would have violated the Fourth Amendment if conducted by federal officers. *Id.* at 223. This doctrine is irrelevant because both this Court and the Ninth Circuit held that the searches in question were reasonable. *See* Dkt. No. 98 at 12; *United States v. Jameel Collins*, 19-10154 (9th Cir.), Dkt. 63 at 3–4.

The Full Faith and Credit doctrine requires federal courts to recognize applicable state law. See U.S. CONST. art. IV, § 1; 28 U.S.C. § 1738. Both this Court and the Ninth Circuit analyzed the case and determined that the searches were legal under California law at the time. *See* Dkt. No. 98 at 12; *United States v. Jameel Collins*, 19-10154 (9th Cir.), Dkt. 63 at 1–4.

Because all the arguments Collins says counsel failed to raise were either raised by counsel in great detail or irrelevant to the outcome, Collins has failed to show either deficient performance by counsel or any prejudice resulting from that performance. Notably, both this Court and the Ninth Circuit considered Collins's argument that the searches were illegal because he possessed an amount of marijuana that was legal for a cannabis card-holder under California law, but rejected those arguments. His ineffective assistance of counsel claim is therefore DENIED.

**B.      Due Process**

In addition to his ineffective assistance of counsel claim, Collins argues that the conviction should be vacated because his due process rights were violated by the searches. Dkt. No. 229 at 12. This is an attempt to relitigate the issue he already raised in his motion to suppress and his Ninth Circuit appeal. Section 2255 "may not be used as a chance at a second appeal." *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "[A] motion under § 2255 must be based upon an independent constitutional violation." *Id.* Because Collins's due process argument raises no independent constitutional violation and instead raises the same issues already addressed in his motion to suppress and his Ninth Circuit appeal, the argument is rejected.

**CONCLUSION**

For the foregoing reasons, the defendant's motion to vacate his sentence is **DENIED.**

**IT IS SO ORDERED**.

Dated: March 14, 2023

SUSAN ILLSTON
United States District Judge